IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 11 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| IN THE MATTER OF | § |
| THE COMPLAINT OF | § |
| CARMELITA, INC., Owner of the Vessel Carmelita | § C. A. NO. B-04-011 |
| and | § |
| NEVGULMARCO COMPANY, INC. | § |

# BRIEF
## IN SUPPORT OF PETITIONERS' APPLICATION FOR INJUNCTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This brief is filed on behalf of both Petitioners **Carmelita, Inc. and Nevgulmarco Company, Inc.** on the question of who, under the Limitation of Liability Act (46 App. U.S.C. § § 181-189), is entitled to limitation and, therefore, an injunction. Respondents' Counsel has in open court conceded that Carmelita, Inc., as the title owner of the O/S "Carmelita", is entitled to an injunction based on the limitation of liability petition. Based on that stipulation, this brief will concern itself with the rights of Nevgulmarco Company, Inc. ("Nevgulmarco"), as the sole shareholder of Carmelita, Inc.

### Separation of Entities

The two Petitioners are separate entities formed to remain separate. Under no condition is Nevgulmarco conceding that it and its subsidiary, Carmelita, Inc., are one

entity for any purpose. Should Nevgulmarco be in error in its legal position as stated herein, it requests the Court grant an injunction for the benefit of Carmelita, Inc.

### Statutory Provisions

The Limitation of Liability Act (hereinafter the "Act") at § 183(a) provides:

> "The liability of the <u>owner</u> of any vessel . . . for any loss, damage, or injury . . . done, occasioned, or incurred, without the privity or knowledge of such <u>owner or owners</u>, shall not . . . exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." (emphasis supplied).

The purpose of this provision has been stated to have been "designed to induce the heavy financial commitments the shipping industry requires by mitigating the threat of a multitude of suits and the hazards of vast, unlimited liability as a result of a maritime disaster." *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 414 74 S.Ct. 608, 611 (1954) citing *Flink v. Paladini*, 279 U.S. 59, 49 S.Ct. 255 (1929).

An additional purpose of the Act itself has been stated to be "to encourage investment by exempting the investor from loss in excess of the fund he is willing to risk in the enterprise." *Flink v. Paladini*, 279 U.S. at 62, 49 S.Ct. at 255.

### Beneficiaries of Act

It is obvious that the Act benefits the owner of the vessel which in this case was Carmelita, Inc. Respondents have argued that only one owner can benefit; yet, as shown by the discussion of § 183(a) of the Act, "owner or owners" shall be entitled to limitation.

The question of who is an owner and, more importantly here, may the stockholders of a corporate owner also benefit from the Act was first addressed in *Flink v. Paladini, Id.*, in an opinion by Mr. Justice Holmes. The Supreme Court rationalized that it could see no distinction between several persons owning shares in a vessel directly or making the same division by putting title in a corporation and distributing the corporate stock. *Flink v. Paladini* at 255. Under either scenario, the investor(s) would be exempt from loss in excess of the fund he is willing to risk. In furtherance of this philosophy, the Court expressed its opinion that "the words of the act must be taken in a broad and popular sense in order not to defeat the manifest intent." *Id.* at 255. It was careful, however, to expressly avoid ignoring the distinction between a corporation and its shareholders by emphasizing that this "distinction . . . cannot be overlooked even in extreme cases." *Id.* at 255. The opinion from *Flink v. Paladini, Id.* was cited as controlling in *Maryland Cas. Co. v. Cushing, Id.* (opinion by Mr. Justice Frankfurter).

Thereafter, the question of limitation of the shareholders of the corporate owner of a jack-up barge was discussed by a United States District Court in Louisiana in the case of *In re: Complaint for Exoneration from or Limitation of Liability of Shell Oil Company and Shell Offshore, Inc. as Owners and/or Owners Pro Hac Vice of M/V EBII*, 780 F.Supp. 1086 (E.D. La. 1991). The Louisiana Court noted that the Act is designed to protect or cover a person or entity who is a "likely target for liability claims because of his status as the person perhaps ultimately responsible for the vessel's maintenance and operation." *In re: Complaint for Exoneration from or Limitation of*

*Liability of Shell Oil*, 780 F.Supp. at 1089. The Louisiana Court held that "(t)he right to limitation, since *Flink* and up until the present time, remains broadly construed and extends to any person whose interest in the vessel is such that he may be a likely target." *In re: Complaint for Exoneration from or Limitation of Liability of Shell Oil*, 780 F.Supp. at 1092. Also see, *Humpareys v. Antillen*, 1994 W.L.682811 (E.D. La. 1994).

As recently as 2003, the United States Supreme Court in *Dole Food Company v. Patrickson*, 528 U.S. 468, 482, 123 S.Ct. 1655, 1664 (2003) reiterated its position taken in *Flink v. Paladini* by remarking that the Court had held that the term "shipowner" can include a corporate shareholder even when, technically speaking, the corporation, not the shareholder, owns the ship. If Nevgulmarco is the sole shareholder of Carmelita, Inc., the benefits of limitation and the protective injunctive relief by virtue of the legislative purpose of the Act and the interpretative reasoning of the United States Supreme Court apply in this case. In particular, as the U. S. Supreme Court succinctly held in *Flink's* conclusion, "[H]aving no doubt of the comprehensive purpose of Congress we should not be ingenious . . . to raise questions whether it could be allowed to interfere with the uniformity which has been declared a dominant requirement for admiralty law." *Flink v. Paladini*, 49 S.Ct. at 256. (emphasis added). As such, Nevgulmarco must be granted the protection of injunctive relief to adhere to Congress' intent and the U. S. Supreme Court's thorough interpretation of the same.

WHEREFORE, Petitioners pray issuance of the injunction as requested in their Petition and their Application for Injunction.

DATED: May  11 , 2004.

                Respectfully submitted,

                FLEMING & HERNANDEZ, P.C.
                1650 Paredes Line Road, Suite 102
                Brownsville, Texas  78521-1602
                Telephone:  (956) 982-4404
                Telecopier:  (956) 982-0943

by: _____
                Tom Fleming
                SBOT No. 07133000
                Federal I.D. No. 1188

                **Jeffrey G. Mathews**
                SBOT No. 24013115
                Federal I.D. No. 24499

                ATTORNEYS FOR PETITIONERS,
                CARMELITA, INC.
                and NEVGULMARCO, COMPANY, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF PETITIONERS' APPLICATION FOR INJUNCTION was served May __11__, 2004 in the manner(s) indicated below upon the following Counsel:

**COUNSEL FOR**
**Avigail Martinez De Romero Individually And As Guardian Of Angel Romero, Jr., Mentally And Physically Incompetent;**
**Angel Romero Gonzalez And Gloria Badillo Rodriguez De Romero, The Natural Parents Of Angel Romero, Jr.;**
**And**
**Lucilla Romero Delgado As Next Friend Of Angel Romero Delgado And Carolina Romero Delgado, Minor Children Of Angel Romero, Jr.:**

Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 2686)*

_____
Tom Fleming