IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| IN RE COMPLAINT OF CARMELITA, INC. ET AL. | § § § § | CIVIL ACTION NO. B-04-011 |

**MEMORANDUM OPINION AND ORDER**

Pending is the petitioners Application For Injunction. <u>Docket No. 6</u>; see also <u>Docket No. 10</u> (brief in support of same). For the reasons elaborated below, the Court hereby conditionally **GRANTS** the petitioners' application.

I.   **BACKGROUND**

The Petitioners in this case, Carmelita, Inc., and its parent corporation, Nevgulmarco Co., Inc., have filed a petition seeking limitation of liability pursuant to 46 U.S.C. App. § 181 et seq. and the supplemental procedural rules for certain admiralty and maritime claims. <u>Docket No. 1</u>. The underlying action stems from injuries sustained by Angel Romero, Jr. while on board the shrimping vessel O/S Carmelita, which is owned by Carmelita, Inc.

The underlying lawsuit was previously before this Court as Civil Action No. B-03-153, which was remanded to state court for want of jurisdiction on January 27, 2004. That lawsuit is now proceeding in the 404th Judicial District Court of Cameron County. <u>Docket No. 1</u> at 3-4; <u>Docket No. 4</u> at 2.

In conjunction with the present petition, the petitioners have deposited $74,800 ($68,000 as the value of the vessel and $6,800 as the value of the catch on board at the time of Romero's injuries) with the Registry of the Court. <u>Docket No. 1</u> at 4-5. This is the amount at which petitioners seek to limit their liability. Monition was issued and the requisite advertisement seeking any additional claimants was run in the Brownsville Herald. <u>Docket Nos. 3, 8</u>.

The state-court plaintiffs have filed a Proof of Claim in this case, as required by the supplemental admiralty rules, in which they assert the same basic claims that are at issue in the state court proceedings (negligence, gross negligence, and unseaworthiness). <u>Docket No. 5</u> at 2. They also contend that the damages stemming from their claims far exceed the limited liability asserted

by the petitioners. Id.

Pending before the Court is the petitioners' Application For Injunction, which seeks to halt the current state proceedings and any other potential litigation against both Carmelita, Inc., and Nevgulmarco Co., Inc., as per Supplemental Rule F(3). Docket No. 6. The petitioners also subsequently filed a brief in support of the same. Docket No. 10. The state court plaintiffs have not filed any written responses to either of the petitioners' injunction-related filings.

## II. DISCUSSION

The Court held a hearing on the petitioners' Application for Injunction on May 5, 2004. The only disputed issue was whether Nevgulmarco Co., Inc., is also entitled to the requested injunctive relief.[1] That Carmelita, Inc., as the undisputed owner of the O/S Carmelita, is entitled to the mandatory injunctive relief specified in Supplemental Rule F(3) seems fairly straightforward. The apparent source of the dispute concerning Nevgulmarco Co., Inc., is the petitioners' acknowledged position in other litigation that the two entities are separate and distinct for all purposes. Hence, the state court plaintiffs maintain that Nevgulmarco Co., Inc., is not entitled to the same injunctive relief to which Carmelita, Inc. is entitled. The petitioners contend otherwise in their brief in support of injunctive relief. Docket No. 10.

The admiralty limitation of liability provision at issue is defined by, which provides that:

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

---

[1] In their answer to the petition, the state court plaintiffs do generally deny paragraphs 12-14 of the petition, which are the paragraphs asserting admiralty jurisdiction and the applicability of the limitation of liability and exoneration provisions. See Docket No. 4 at 2 (answer); see also Docket No. 1 at 5 (petition). However, the state court plaintiffs subsequently tendered a stipulation to the Court during the May 5, 2004 hearing "conced[ing] that all questions regarding Carmelita, Inc.'s right to limit are to be resolved under the limitation of liability act by this court." The hearing focused on Nevgulmarco Co., Inc.'s entitlement (or the lack thereof) to the same injunctive relief.

2

46 U.S.C. app. § 183(a). The issue then is whether Nevgulmarco Co., Inc., qualifies as an "owner" of the vessel in addition to Carmelita, Inc. The petitioners bear the burden of proof on this issue. In re Complaint of Shell Oil Co., 780 F. Supp. 1086, 1088-89 & n.5 (E.D. La. 1991) (citing relevant Supreme Court and Fifth Circuit case law).

The petitioners principally rely on the aforementioned case, which notes that "owner" is undefined by the statute, is not regarded as a term of art with a technical meaning, and has been broadly construed by courts to effectuate the underlying purpose of the statute (i.e., encouraging investment in shipping). Id. at 1089-90. Accordingly, one need not possess legal title to be an "owner" for purposes of the statute. Id. at 1089. Indeed, the general rules appears to be that, "one who is subjected to a shipowner's liability because of his exercise of dominion over a [i.e., relationship to] the vessel should be able to limit his liability to that of an owner." Id. (bracketed material in original). "More succinctly stated, the act is designed to cover one who is a 'likely target' for liability claims predicated on his status as the person perhaps ultimately responsible for the vessel's maintenance and operation." Id.

Nevgulmarco Co., Inc., falls within the broad conception of "owner" articulated in the aforesaid case, because it is being targeted as a defendant in the state court litigation precisely because of its relationship to Carmelita, Inc., and the vessel O/S Carmelita. Another district court more recently held that a similarly situated petitioner was entitled to the very relief sought herein by Nevgulmarco Co., Inc. In re the Complaint of Magnolia Marine Transport Co., No. 02-615(P), 2003 WL 23185641, at *1 (E.D. Okla. Mar. 6, 2003) (unpublished opinion); see also Int'l Marine Terminals P'ship v. Hillmore Mar. Inc., Nos. 99-1637, 99-1674, and 00-0250, 2000 WL 351429, at *2 (E.D. La. Apr. 3, 2000) (unpublished opinion) ("As I explained in [In re Complaint of Shell Oil Co.], the shareholders of the ship are 'likely targets' by virtue of their relationship to the vessel as shareholders of its 'owners.'"). Accordingly, injunctive relief under Supplemental Rule F(3) is available to both Nevgulmarco Co., Inc., and Carmelita, Inc.

### III.   CONCLUSION

For the foregoing reasons, this Court conditionally **GRANTS** the petitioners' Application For Injunction. The requested injunction will go into effect within twenty (20) days of the entry of

this order unless the state court plaintiffs file an amended stipulation with the Court in which they (1) agree that all limitation of liability-related issues concerning both petitioners will be litigated in this Court, and (2) agree not to seek to enforce a judgment greater than that allowed under this Court's limitations-related adjudication against either petitioner. See Texaco, Inc. v. Williams, 47 F.3d 765, 768 (5th Cir. 1995) ("The case law is clear that if all claimants stipulate that the federal court has exclusive jurisdiction over limitation issues and the claimants will not seek to enforce a greater damage award than the limitation fund, the claimants may proceed outside of the limitations action."), cert. denied, 516 U.S. 907 (1995); Odeco Oil and Gas Co. Drilling Division v. Bonnette, 4 F3d 401, 404 (5th Cir. 1993) ("Broadly stated, claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court."), cert. denied, 511 U.S. 1004 (1994). Said stipulation should also specify "the priority in which [the multiple claimants'] claims will be paid from the limitation fund." Williams, 47 F.3d at 768. If the state court plaintiffs file such a stipulation within twenty (20) days of the entry of this order, no injunctive relief conditionally granted will not go into effect. Otherwise, the Court's conditional injunctive relief will take effect.

    Signed in Brownsville, Texas, this 28th day of June, 2004.

                                              ANDREW S. HANEN
                                              UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| IN RE COMPLAINT OF CARMELITA, INC. ET AL. | § § § § | CIVIL ACTION NO. B-04-011 |

### MEMORANDUM OPINION AND ORDER

Pending is the petitioners Application For Injunction. <u>Docket No. 6</u>; <u>see also</u> <u>Docket No. 10</u> (brief in support of same). For the reasons elaborated below, the Court hereby conditionally **GRANTS** the petitioners' application.

I.  **BACKGROUND**

The Petitioners in this case, Carmelita, Inc., and its parent corporation, Nevgulmarco Co., Inc., have filed a petition seeking limitation of liability pursuant to 46 U.S.C. App. § 181 et seq. and the supplemental procedural rules for certain admiralty and maritime claims. <u>Docket No. 1</u>. The underlying action stems from injuries sustained by Angel Romero, Jr. while on board the shrimping vessel O/S Carmelita, which is owned by Carmelita, Inc.

The underlying lawsuit was previously before this Court as Civil Action No. B-03-153, which was remanded to state court for want of jurisdiction on January 27, 2004. That lawsuit is now proceeding in the 404th Judicial District Court of Cameron County. <u>Docket No. 1</u> at 3-4; <u>Docket No. 4</u> at 2.

In conjunction with the present petition, the petitioners have deposited $74,800 ($68,000 as the value of the vessel and $6,800 as the value of the catch on board at the time of Romero's injuries) with the Registry of the Court. <u>Docket No. 1</u> at 4-5. This is the amount at which petitioners seek to limit their liability. Monition was issued and the requisite advertisement seeking any additional claimants was run in the Brownsville Herald. <u>Docket Nos. 3, 8</u>.

The state-court plaintiffs have filed a Proof of Claim in this case, as required by the supplemental admiralty rules, in which they assert the same basic claims that are at issue in the state court proceedings (negligence, gross negligence, and unseaworthiness). <u>Docket No. 5</u> at 2. They also contend that the damages stemming from their claims far exceed the limited liability asserted

by the petitioners. Id.

Pending before the Court is the petitioners' Application For Injunction, which seeks to halt the current state proceedings and any other potential litigation against both Carmelita, Inc., and Nevgulmarco Co., Inc., as per Supplemental Rule F(3). Docket No. 6. The petitioners also subsequently filed a brief in support of the same. Docket No. 10. The state court plaintiffs have not filed any written responses to either of the petitioners' injunction-related filings.

## II. DISCUSSION

The Court held a hearing on the petitioners' Application for Injunction on May 5, 2004. The only disputed issue was whether Nevgulmarco Co., Inc., is also entitled to the requested injunctive relief.[1] That Carmelita, Inc., as the undisputed owner of the O/S Carmelita, is entitled to the mandatory injunctive relief specified in Supplemental Rule F(3) seems fairly straightforward. The apparent source of the dispute concerning Nevgulmarco Co., Inc., is the petitioners' acknowledged position in other litigation that the two entities are separate and distinct for all purposes. Hence, the state court plaintiffs maintain that Nevgulmarco Co., Inc., is not entitled to the same injunctive relief to which Carmelita, Inc. is entitled. The petitioners contend otherwise in their brief in support of injunctive relief. Docket No. 10.

The admiralty limitation of liability provision at issue is defined by, which provides that:

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

---

[1] In their answer to the petition, the state court plaintiffs do generally deny paragraphs 12-14 of the petition, which are the paragraphs asserting admiralty jurisdiction and the applicability of the limitation of liability and exoneration provisions. See Docket No. 4 at 2 (answer); see also Docket No. 1 at 5 (petition). However, the state court plaintiffs subsequently tendered a stipulation to the Court during the May 5, 2004 hearing "conced[ing] that all questions regarding Carmelita, Inc.'s right to limit are to be resolved under the limitation of liability act by this court." The hearing focused on Nevgulmarco Co., Inc.'s entitlement (or the lack thereof) to the same injunctive relief.

2

46 U.S.C. app. § 183(a). The issue then is whether Nevgulmarco Co., Inc., qualifies as an "owner" of the vessel in addition to Carmelita, Inc. The petitioners bear the burden of proof on this issue. In re Complaint of Shell Oil Co., 780 F. Supp. 1086, 1088-89 & n.5 (E.D. La. 1991) (citing relevant Supreme Court and Fifth Circuit case law).

The petitioners principally rely on the aforementioned case, which notes that "owner" is undefined by the statute, is not regarded as a term of art with a technical meaning, and has been broadly construed by courts to effectuate the underlying purpose of the statute (i.e., encouraging investment in shipping). Id. at 1089-90. Accordingly, one need not possess legal title to be an "owner" for purposes of the statute. Id. at 1089. Indeed, the general rules appears to be that, "one who is subjected to a shipowner's liability because of his exercise of dominion over a [i.e., relationship to] the vessel should be able to limit his liability to that of an owner." Id. (bracketed material in original). "More succinctly stated, the act is designed to cover one who is a 'likely target' for liability claims predicated on his status as the person perhaps ultimately responsible for the vessel's maintenance and operation." Id.

Nevgulmarco Co., Inc., falls within the broad conception of "owner" articulated in the aforesaid case, because it is being targeted as a defendant in the state court litigation precisely because of its relationship to Carmelita, Inc., and the vessel O/S Carmelita. Another district court more recently held that a similarly situated petitioner was entitled to the very relief sought herein by Nevgulmarco Co., Inc. In re the Complaint of Magnolia Marine Transport Co., No. 02-615(P), 2003 WL 23185641, at *1 (E.D. Okla. Mar. 6, 2003) (unpublished opinion); see also Int'l Marine Terminals P'ship v. Hillmore Mar. Inc., Nos. 99-1637, 99-1674, and 00-0250, 2000 WL 351429, at *2 (E.D. La. Apr. 3, 2000) (unpublished opinion) ("As I explained in [In re Complaint of Shell Oil Co.], the shareholders of the ship are 'likely targets' by virtue of their relationship to the vessel as shareholders of its 'owners.'"). Accordingly, injunctive relief under Supplemental Rule F(3) is available to both Nevgulmarco Co., Inc., and Carmelita, Inc.

### III. CONCLUSION

For the foregoing reasons, this Court conditionally **GRANTS** the petitioners' Application For Injunction. The requested injunction will go into effect within twenty (20) days of the entry of

this order unless the state court plaintiffs file an amended stipulation with the Court in which they (1) agree that all limitation of liability-related issues concerning both petitioners will be litigated in this Court, and (2) agree not to seek to enforce a judgment greater than that allowed under this Court's limitations-related adjudication against either petitioner. See Texaco, Inc. v. Williams, 47 F.3d 765, 768 (5th Cir. 1995) ("The case law is clear that if all claimants stipulate that the federal court has exclusive jurisdiction over limitation issues and the claimants will not seek to enforce a greater damage award than the limitation fund, the claimants may proceed outside of the limitations action."), cert. denied, 516 U.S. 907 (1995); Odeco Oil and Gas Co. Drilling Division v. Bonnette, 4 F3d 401, 404 (5th Cir. 1993) ("Broadly stated, claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court."), cert. denied, 511 U.S. 1004 (1994). Said stipulation should also specify "the priority in which [the multiple claimants'] claims will be paid from the limitation fund." Williams, 47 F.3d at 768. If the state court plaintiffs file such a stipulation within twenty (20) days of the entry of this order, no injunctive relief conditionally granted will not go into effect. Otherwise, the Court's conditional injunctive relief will take effect.

Signed in Brownsville, Texas, this 28th day of June, 2004.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE