**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

SEP 1 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE COMPLAINT OF | § | |
| CARMELITA, INC., Owner of the Vessel Carmelita | § | C. A. NO. B-04-011 |
| and | § | |
| NEVGULMARCO COMPANY, INC. | § | |

## MOTION TO SHOW CAUSE
### OF
### CARMELITA, INC. AND NEVGULMARCO COMPANY, INC.

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COME, **Carmelita, Inc. and Nevgulmarco Company, Inc.**, Petitioners herein (hereinafter "Petitioners"), and file this their motion requesting this Court to set a date for hearing to show cause why counsel for Claimants/State Court Plaintiffs and counsel for State Court Defendants in Cause Number 2003-08-4370-G, in the 404th Judicial District Court of Cameron County, Texas, should not be held in contempt in the following particulars:

1.    This Court entered a Memorandum Opinion and Order (hereinafter "Order") conditionally granting Petitioners' request for injunctive relief on June 28, 2004 in this Petitioners' limitation of liability suit. The Order allowed State Court Plaintiffs 20 days to file an amended stipulation as defined by case law contained in said Order. See *Odeco Oil and Gas Co. Drilling Division v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993); cert. denied, 511 U.S. 1004 (1994).

Claimants/State Court Plaintiffs failed to file an amended stipulation that complied with this Court's instructions, as said amendment did not stipulate they would not seek a damage award greater than the limitation fund. *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995); cert. denied, 516 U.S. 907 (1995). As a consequence of Claimant/State Court Plaintiffs' failure to comply with the above referenced law regarding stipulations and once Petitioners complied with all requirements of Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims Rule F, subsection (3) of Rule F mandates "all claims and proceedings against the owner or the owner's property with respect to the matter in question **shall cease.**" (emphasis supplied). Therefore, based on the fact the Order was entered on June 29, 2004, this Court's injunction became effective and enjoined the aforementioned State Court proceedings on July 19, 2004.

2.     Subsequently, Petitioners filed a motion to abate that had a copy of this Court's injunction attached as an exhibit in the 404th Judicial District of Texas State Court proceedings on July 28, 2004, and the motion was granted at a hearing on July 29, 2004. (See attached as "Exhibit A," Petitioners' Motion to Abate which is incorporated herein). (See attached as "Exhibit B," Order Granting Petitioners' Motion to Abate which is incorporated herein). All counsel-of-record in the 404th Judicial District of Texas State Court proceeding, or an attorney from their respective law firm, attended said hearing and have received a copy of the order granting the motion to abate from the Court. (See attached as "Exhibit C," Affidavit of Jeffrey G. Mathews).

(See attached as "Exhibit D," a copy of Petitioners' counsel's correspondence of August 5, 2004 which is incorporated herein). (See "Exhibit B"). However, the counsel for their respective parties have **intentionally** disregarded the State Court's order abating its case and this Federal District Court's injunction, as they have continued prosecuting the State Court proceeding despite the fact that Petitioners' counsel twice sent correspondence to all counsel-of-record requesting Petitioners be removed from the State Court proceeding. (See attached as "Exhibit E," a copy of Petitioners' counsel's correspondence of August 26, 2004 which is incorporated herein). (See Exhibits "C" and "D").

3.     "'A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) quoting *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981). Further, "[A]n injunction binds not only the parties subject thereto, but also non-parties who act with the enjoined parties." *Id.* citing *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985), cert. denied, 474 U.S. 1056 (1986). "In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence." *Id.* citing *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). The *Travelhost* court went on to hold that clear and convincing evidence was:



"that weight of proof which 'produces in the mind of a trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case."

*Id.* quoting *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992) (quoting *Cruzan by Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 285 n.ll, 11 U.S.Ct. 2841, 2855 n.ll, 111 L.Ed.2d 224 (1990)).

4.      Petitioner would also point out to the Court that "[C]ourts possess the inherent authority to enforce their own injunctive decrees." *Id.* citing *Waffenschmidt*, 763 F.2d at 716.  A motion to show cause requesting a civil contempt order can be utilized for two purposes. *Id.* at 962.  "It can be used to enforce compliance with a court's order through coercion, or it can be used to compensate a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *Id.* citing *Petroleos*, 826 F.2d at 400.  As will be discussed more fully below, Petitioners would request this Court to utilize both prongs of its enforcement measures.

5.      Applying the facts of Claimants/State Court Plaintiffs and State Court Defendants' actions to the above referenced case law, it is easy to conclude that this Court should hold them in contempt.  To begin with, this Court's Order was indeed definite and specific.  Claimants/State Court Plaintiffs cannot argue they did not know of the order, as Claimants/State Court Plaintiffs filed an amended stipulation on July 16, 2004 including Nevgulmarco Company, Inc. into their stipulation. State Court

Defendants' counsel-of-record along with Claimants/State Court Plaintiffs were all present and/or represented by counsel from their respective firms at the July 29, 2004 hearing in the 404th Judicial District Court of Texas entered an order abating the State Court case. (See "Exhibit C"). Additionally, on two separate occasions, Petitioners gave notice to all parties of their intention to seek appropriate remedies should Petitioners not be removed from the State Court proceedings. (See Exhibits "D" and "E"). As of August 10, 2004, Petitioners had not been removed from the State Court proceeding. (See "Exhibit C"). These actions unequivocally establish clear and convincing evidence of contemptuous conduct on behalf of the offending parties.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Petitioners would respectfully request this Court to enter an order requiring Claimants/State Court Plaintiffs to remove Petitioners from the State Court proceeding and, further, order Claimants/State Court Plaintiffs and State Court Defendants to compensate Petitioners for all attorney's fees incurred since the State Court abated its case and, additionally, should Claimants/State Court Plaintiffs not comply with this Court's order to remove Petitioners from the State Court proceedings and/or not compensate Petitioners for attorney's fees incurred should this Court order such compensation, Petitioners would request Claimants/State Court Plaintiffs and/or their counsel be held in contempt.

DATED:  September __13__ , 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by: _____
**Tom Fleming**
SBOT No. 07133000
Federal I.D.  No. 1188

**Jeffrey G. Mathews**
SBOT No. 24013115
Federal I.D. No. 24499

**ATTORNEYS FOR PETITIONERS,
CARMELITA, INC.
and NEVGULMARCO, COMPANY, INC.**

**MOTION TO SHOW CAUSE**
**OF CARMELITA, INC. AND NEVGULMARCO COMPANY, INC.**
JGM/bgw #031087 \L \WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Limitation of Liability Suit\ShowCause-Mot.wpd

Page 6 of 9



## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing MOTION TO SHOW CAUSE OF CARMELITA, INC. AND NEVGULMARCO COMPANY, INC. were served September _13_, 2004 in the manner(s) indicated below upon the following Counsel:

**CO-COUNSEL FOR**
**Avigail Martinez De Romero Individually And As Guardian Of Angel Romero, Jr., Mentally And Physically Incompetent; Angel Romero Gonzalez And Gloria Badillo Rodriguez De Romero, The Natural Parents Of Angel Romero, Jr.; And**
**Lucilla Romero Delgado As Next Friend Of Angel Romero Delgado And Carolina Romero Delgado, Minor Children Of Angel Romero, Jr.:**

Mikal C. Watts
Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7417)*

Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
Justice For All Building
777 East Harrison Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7424)*

**CO-COUNSEL FOR**
**Univar USA, Inc.:**
Stan Perry
HAYNES AND BOONE, LLP
1000 Louisiana, Suite 4300
Houston, Texas 77002-5012
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7431)*



## CERTIFICATE OF SERVICE (cont'd.)

**CO-COUNSEL FOR**
**Univar USA, Inc.:**
Michael Rodriguez
MICHAEL RODRIGUEZ, P.L.L.C.
319 East Elizabeth Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7448)*

**COUNSEL FOR**
**Zimco Marine, Inc.:**
Jaime A. Saenz
RosaMaria Villagomez-Vela
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7479)*

**COUNSEL FOR**
**Esseco General Chemical:**
Mike Mills
ATLAS & HALL, L.L.P.
P. O. Drawer 3725
McAllen, Texas 78502
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7455)*

**COUNSEL FOR**
**General Chemical Corporation,**
**General Chemical Corporation d/b/a TexGen Corporation**
**and General Chemical Corporation, a subsidiary of Genteck, Inc.:**
Shannon W. Bangle
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7462)*

## CERTIFICATE OF SERVICE (cont'd.)

**COUNSEL FOR**
**Delta Distributors, Inc.**
**nka Brenntage Southwest, Inc.:**
James L. Ray
Kyle D. Giacco
John D. Metzger
DAW & RAY
Coastal Banc Plaza
5718 Westheimer, Suite 1750
Houston, Texas 77057
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7003 1680 0006 5137 7486)*

Tom Fleming

**MOTION TO SHOW CAUSE**
**OF CARMELITA, INC. AND NEVGULMARCO COMPANY, INC.**
JGM/bgw  #031087  \\L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Limitation of Liability Suit\ShowCause-Mot.wpd

Page 9 of 9

## _EXHIBITS "A" - "E"_
## TO
## MOTION TO SHOW CAUSE
## OF
## CARMELITA, INC. AND NEVGULMARCO COMPANY, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | |
| **THE COMPLAINT OF** | § | |
| **CARMELITA, INC., Owner of the Vessel Carmelita** | § | **C. A. NO. B-04-011** |
| **and** | § | |
| **NEVGULMARCO COMPANY, INC.** | § | |

FILED Page 11 of 40 O'CLOCK D M
AURORA DE LA GARZA DIST. CLERK

JUL 2 8 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## CAUSE NO. 2003-08-4370-G

| | | |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO Individually, and As Guardian of ANGEL ROMERO, JR., Mentally and Physically Incompetent; ANGEL ROMERO GONZALEZ and GLORIA BADILLO RODRIGUEZ DE ROMERO, The Natural Parents of ANGEL ROMERO, JR.; and LUCILLA DELGADO ROMERO, As Next Friend of ANGEL ROMERO DELGADO and CAROLINA ROMERO DELGADO, Minor Children of ANGEL ROMERO, JR. | § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| | § | |
| VS. | § § | |
| UNIVAR USA, INC.; NEVGULMARCO COMPANY, INC.; ZIMCO INC.; and CARMELITA, INC., As The Owner/Operator Of The M/V "Carmelita" | § § § § § § | CAMERON COUNTY, TEXAS 404TH JUDICIAL DISTRICT |

## DEFENDANTS
### NEVGULMARCO COMPANY, INC.'S AND CARMELITA, INC.'S
# MOTION TO ABATE

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COME, **Nevgulmarco Company, Inc. and Carmelita, Inc., as the owner/operator of the M/V "Carmelita"**, Defendants herein (hereinafter "Defendants"), and file this their Motion to Abate and Brief in Support Thereof, and would respectfully show unto the Court as follows:



EXHIBIT NO. A

I.

## Introduction

This suit was brought by **Avigail Martinez de Romero, Individually And As Guardian Of Angel Romero, Jr., Mentally And Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, The Natural Parents Of Angel Romero, Jr.; and Lucilla Delgado Romero, As Next Friend Of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr.,** Plaintiffs herein (hereinafter "Plaintiffs") who filed this suit in this Court on August 29, 2003. (See Court's file). Defendants timely removed this suit on September 25, 2003 to the Federal District Court; however, the case was remanded back to this Court on January 27, 2004 by order of Federal District Judge Andrew Hanen. (See Court's file).

Subsequently, Defendants, on January 29, 2004, filed for limitation and/or exoneration from liability pursuant to 46 U.S.C. § § 181-189 and § § 190-196 in Federal Court. (See attached as "Exhibit 1" a copy of Defendants' petition). Upon this Court's review of Defendants' "Exhibit 1" and this Court's examination of Supplemental Rule F for Certain Admiralty & Maritime Claims, this Court must find that Defendants have complied with all procedural and security requirements of the above referenced Supplemental Rule.

## II.

## Arguments And Authority

Supplemental Rule F(3) for Certain Admiralty & Maritime Claims clearly and unequivocally states:

> "(3) **Claims Against Owner; Injunction.** Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."

As stated in the introduction, upon review of Defendants' "Exhibit 1", this Court must acknowledge Defendants have complied with all procedural and security requirements for the institution of a suit for limitation and/or exoneration from liability. See 46 U.S.C. § § 181-189 and § § 190-196. See also, Supplemental Rule F for Certain Admiralty & Maritime Claims.

Further, as proscribed by subsection (3) of Supplemental Rule F for Certain Admiralty & Maritime Claims, both Defendants have filed for an injunction to the proceedings in this Court. (See attached as "Exhibit 2" a copy of Defendants' Application for Injunction). Counsel for Plaintiffs and Defendants attended a hearing on May 5, 2004 regarding the issuance of an injunction in this Court's proceeding whereupon Federal District Judge Andrew Hanen requested further legal authority clarifying that both Defendants were entitled to an injunction. Defendants then filed their Brief in Support of Petitioners' Application for Injunction on May 11, 2004.

---

(See attached as "Exhibit 3" a copy of Defendants' Brief in Support of Petitioners' Application for Injunction). This Court's review of Defendants' "Exhibit 3" and its accompanying case law will clearly demonstrate to the Court that Defendants are entitled to an injunction in this proceeding and, thus, this Court must abate said proceedings.

Additionally, Federal District Judge Andrew Hanen conditionally granted Defendants' Application for Injunction on June 28, 2004. (See attached as "Exhibit 4" a certified copy of Judge Andrew Hanen's Memorandum Opinion and Order). This order became effective on July 19, 2004 and, consequently, this Court is now enjoined from any further proceedings in this lawsuit until these Defendants are removed from this case. (See "Exhibit 4"). See also, *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995). As such, Defendants request this Court to grant their Motion to Abate, as a Federal Court order enforcing a law of the United States controls this State Court proceeding. UNITED STATES CONSTITUTION ARTICLE VI [2].

III.

### Prayer

WHEREFORE, Defendants **Nevgulmarco Company, Inc. and Carmelita, Inc.** respectfully request this Court to abate its proceedings as to the above referenced Defendants and such further relief whether at law or in equity to which this Court finds these Defendants are entitled.

DATED: July 28, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _Tom O Fleming_
**Tom Fleming**
State Bar of Texas No. 07133000

Jeffrey G. Mathews
State Bar of Texas No. 24013115

**ATTORNEYS FOR DEFENDANTS,**
**CARMELITA, INC.**
**and NEVGULMARCO, COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing MOTION TO ABATE were served July 28, 2004 in the manner(s) indicated below upon the following Counsel:

**CO-COUNSEL FOR PLAINTIFFS:**
Mikal C. Watts; Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5755)*

**CO-COUNSEL FOR PLAINTIFFS:**
Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
Justice For All Building
777 East Harrison Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5748)*

**CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:**
Stan Perry
HAYNES AND BOONE, LLP
1000 Louisiana, Suite 4300
Houston, Texas 77002-5012
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5731)*

**CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:**
Michael Rodriguez
MICHAEL RODRIGUEZ, P.L.L.C.
1000 East Madison
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5724)*

**COUNSEL FOR DEFENDANT, ZIMCO MARINE, INC.:**
Jaime A. Saenz; RosaMaria Villagomez-Vela
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5717)*

## CERTIFICATE OF SERVICE (cont'd.)

**COUNSEL FOR DEFENDANT, ESSECO GENERAL CHEMICAL:**
Mike Mills
ATLAS & HALL, L.L.P.
P. O. Drawer 3725
McAllen, Texas  78502
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 5700)*

Tom Fleming

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

B-04-011

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

In The Matter Of
The Complaint Of
Carmelita, Inc., Owner of the Vessel Carmelita
and Nevgulmarco Company, Inc.

## DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
       TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Tom Fleming        (956) 982-4404
FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
       Plaintiff

☒ 3 Federal Question
       (U.S. Government Not a Party)

☐ 2 U.S. Government
       Defendant

☐ 4 Diversity
       (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

Appeal to District
Judge from
☐ 7 Magistrate
     Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Limitation of liability, 46 App. U.S.C. § § 181-189 and exoneration from liability, 46 App. U.S.C. § § 190-196.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions)
    IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE  1/29/04

SIGNATURE OF ATTORNEY OF RECORD  *[signature]* Tom Fleming

EXHIBIT NO. 1    (Tom Fleming)

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS** ···· ˑ ꟷ ꟷ 2·23
**BROWNSVILLE DIVISION**

IN THE MATTER OF                                     §
THE COMPLAINT OF                                     §
CARMELITA, INC., Owner of the Vessel Carmelita       §  C. A. NO. **B-04-011**
and                                                  §
NEVGULMARCO COMPANY, INC.                            §

## PETITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Petition of **Carmelita, Inc., as owner of the O/S Carmelita,** and

**Nevgulmarco Company, Inc., as the parent corporation of Carmelita, Inc.,** for

exoneration from or limitation of liability in a cause civil and maritime, show as follows:

1.    At all times mentioned in this Petition, **Carmelita, Inc.** was and now is a

corporation organized and existing under the laws of Texas.    Petitioner

**Nevgulmarco Company, Inc.** was and now is a corporation organized and existing

under the laws of Nevada and duly admitted to conduct business in Texas.

Both Petitioners have their principal offices in Port Isabel, Cameron County, Texas.

**Nevgulmarco Company, Inc.** is the parent corporation of **Carmelita, Inc.**

2.    At all times mentioned in this Petition, **Carmelita, Inc.** was and now is the

owner of the vessel, Carmelita.  The vessel is now, or during the pendency of this

action will be, within this district.

3.    At all times mentioned in this Petition, **Carmelita, Inc.** has used due

diligence to make the vessel seaworthy, and the vessel was at the time of

commencement of the voyage described below and throughout the course of the voyage tied, staunch, strong, fully and properly equipped and supplied and in all respects seaworthy and fit for the services in which it was engaged.

4.      On the 26th day of June, 2003, the vessel sailed from Port Isabel, Texas on a fishing voyage in the Gulf of Mexico under the command of a competent and experienced master with a full crew of competent and experienced fishermen.

5.      On the 20th day of July, 2003, during the course of the fishing voyage, the vessel was anchored offshore.  On that date beginning at about 7:00 o'clock p.m., the crew was heading, dipping and placing in freezer storage the shrimp catch of the vessel from the fishing efforts of the day.  After a short time, a decision was made to begin placing shrimp into the freezer hold of the ship.  This shrimp had been headed, placed in preservative and drained back into the brine tank on deck. Angel Romero, Jr., the rig man, went below into the freezer to stack the trays of shrimp as were being handed to him.  After handing down all trays of drained shrimp, the crew returned to its job and did not notice the absence of **Angel Romero, Jr.** for approximately 40 minutes.  When **Angel Romero, Jr.** was finally missed, he was found to be lying on the floor of the freezer hold in an unconscious state.  Since that time, he has remained comatose for reasons not yet determined.

6.      The above described occurrence and the losses, damages and injuries resulting from that occurrence were not caused or contributed to by any fault, neglect, design or want of due care on the part of Petitioners, or of the vessel Carmelita, or anyone for whom either Petitioner may be responsible.

7.    The above described occurrence and the losses, damages and injuries resulting from that occurrence were occasioned and incurred without the privity or knowledge of either Petitioner **Carmelita, Inc.** or **Nevgulmarco Company, Inc.**

8.    The following actions and proceedings have been instituted and are presently pending against both Petitioners, as indicated, on the demands and claims arising out of the voyage:

Plaintiffs' Original Petition and Requests for Disclosures filed by Avigail Martinez de Romero, individually and as guardian of Angel Romero, Jr.; Angel Romero Gonzalez; Gloria Badillo Rodriguez de Romero; and Lucilla Delgado Romero as next friend of Angel Romero Delgado and Carolina Romero Delgado, all through their attorney, Ray Marchan, 1926 East Elizabeth Street, Brownsville, Texas 78520 on August 29, 2003 in the 404th Judicial District Court of Cameron County, Texas and removed to the United States District Court for the Southern District of Texas, Brownsville Division in which the following causes of action are stated against Petitioners:

(a)    **Carmelita, Inc.:**

(1)    Unseaworthiness;

(2)    Negligence under the Jones Act, 46 U.S.C. § 688;

(3)    Product Liability;

(4)    General Negligence;

(5)    Breach of Warranties;

(6)    Gross Negligence;

(7)    Malice; and

(8)    Civil Conspiracy.

(b)    **Nevgulmarco Company, Inc.:**

    (1)    Mismanagement of Carmelita, Inc. and operation as a single business enterprise;

    (2)    Product Liability;

    (3)    General Negligence;

    (4)    Breach of Warranties;

    (5)    Gross Negligence;

    (6)    Malice; and

    (7)    Civil Conspiracy.

9.    There are no demands, unsatisfied liens or claims of liens against these Petitioners or the vessel Carmelita, in contract or tort or otherwise, arising out of the fishing voyage and no actions or proceedings pending on same so far as are known to Petitioners, except as above set forth.

10.    Petitioners received the first written notice of claim arising out of the occurrence from the various claimants on or about August 29, 2003. This Petition is filed within six months after Petitioners' receipt of that claim.

11.    The above described fishing voyage terminated on July 20, 2003 at Port Isabel, Texas. The vessel was not damaged, lost or abandoned as a result of the described occurrence. The value of the vessel at the termination of the fishing voyage did not exceed the sum of Sixty-eight Thousand and no/100ths ($68,000.00) Dollars, as shown by the Affidavit of Value attached hereto as Exhibit A. The amount of the

catch onboard the vessel on that date did not exceed Six Thousand Eight Hundred and no/100ths ($6,800.00) Dollars.

12.    Petitioners claim the benefit of limitation of liability as provided in 46 App. U.S.C. § § 181 to 189 and exoneration from liability as provided in 46 App. U.S.C. § § 190-196 for all losses, damages and injuries incurred in or consequent to the occurrence of July 20, 2003 on the vessel Carmelita, and Petitioners allege that Petitioners each has valid defenses to such losses, damages and injuries on the facts.

13.    Petitioner **Carmelita, Inc.** is filing with this Petition security for the amount or value of that Petitioner's interest in the vessel Carmelita and its catch onboard on the date the fishing voyage ended.

14.    The above allegations are true and within the admiralty and maritime jurisdiction of this Court.

WHEREFORE, Petitioners request:

1.    Issuance of a monition to all persons asserting claims for any and all losses, damages or injuries occasioned or incurred or arising on or out of the above described fishing voyage citing them to file their respective claims with the Clerk of this Court and also to appear and answer the allegations of this complaint according to the law and practice of this Court on or before a date to be named in the notice.

2.    Issuance of an injunction restraining the further prosecution of all actions or proceedings already begun and the subsequent commencement or



prosecution of any other actions or proceeding against either or both Petitioners or the vessel Carmelita with respect to any claim or claims arising out of or on the above described occurrence or fishing voyage.

3.    Judgment that Petitioners are not liable for any losses, damages or injuries or for any claim arising out of or on the above described occurrence or voyage; or if either Petitioner should be adjudged liable, then its liability be limited to the amount or value of Petitioners' interest in the vessel Carmelita and its catch onboard on the date the fishing voyage ended.

4.    Costs of suit.

5.    Such other and further relief as the Court deems proper.

DATED: January _29_, 2004.

Respectfully submitted,

FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _____
Tom Fleming
SBOT No. 07133000
Federal I.D. No. 1188

Jeffrey G. Mathews
SBOT No. 24013115
Federal I.D. No. 24499

ATTORNEYS FOR PETITIONERS.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEVGULMARCO COMPANY, INC.:. | § | C.A. NO. B-03-153 |
| ZIMCO MARINE, INC.; | § | |
| and CARMELITA, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| ANGEL ROMERO, JR. | § | |

## AFFIDAVIT OF VALUE

STATE OF TEXAS          §
COUNTY OF  Nueces       §

BEFORE ME, the undersigned authority, personally came and appeared Marc Andrew McAllister, who after being duly sworn, did depose and say:

I am the owner and principal marine surveyor of McAllister Marine Surveying Co., Corpus Christi, Texas. I have been engaged in the business of appraising marine vessels since 1981. I am familiar with the F/V "CARMELITA", and I have surveyed and inspected the 1979 yard built steel shrimp trawler, Official No. 601297. I am fully familiar with the design, type and class of vessels such as the F/V "CARMELITA" and am familiar with market conditions involving the same and/or similar vessels; and in my opinion the F/V "CARMELITA" had a fair market value of **$ 68,000.00** at the end of its last voyage.

Marc A. McAllister, C.M.S.
Marine Surveyor

MARC ANDREW McALLISTER
No.
143-503

**SWORN TO AND SUBSCRIBED BEFORE ME** the undersigned authority

this 25th day of  November  2003, to certify which my hand and seal of office.

Cindy Vasquez
Notary Public in and for the State of Texas

CINDY VASQUEZ
Notary Public, State of Texas
My Commission Expires Oct. 1, 2005

My commission Expires: 10-1-2005



EXHIBIT NO. A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

IN THE MATTER OF                                    §
THE COMPLAINT OF                                   §
CARMELITA, INC., Owner of the Vessel Carmelita  §  C. A. NO. B-04-011
and                                                §
NEVGULMARCO COMPANY, INC.                          §

## APPLICATION FOR INJUNCTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Petitioners **Carmelita, Inc. and Nevgulmarco Company, Inc.** request this Court

enjoin the further prosecution of any action or proceeding against these Petitioners or

the Petitioners' property with respect to any claim subject to limitation in this action

pursuant to Federal Rules of Civil Procedure, Supplemental Rule F(3), and would show:

1.    Since ~~invitation~~ *initiation* of this suit requesting exoneration from or limitation of

liability, the actions and proceedings then pending before this Court have been

remanded to the 404th Judicial District Court of Cameron County, Texas where it is

now pending.

2.    The Plaintiffs in the matter before the 404th Judicial District Court of

Cameron County, Texas are proceeding with prosecution of that action which includes

both Petitioners herein in spite of the requirements of Supplemental Rule F(3), *Id.*

EXHIBIT NO. 2

DATED: March __30__, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by:_____

**Tom Fleming**
SBOT No. 07133000
Federal I.D. No. 1188

**Jeffrey G. Mathews**
SBOT No. 24013115
Federal I.D. No. 24499

**ATTORNEYS FOR PETITIONERS,
CARMELITA, INC.
and NEVGULMARCO, COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing APPLICATION FOR INJUNCTION

was served March ___30___, 2004 in the manner(s) indicated below upon the following

Counsel:

> **COUNSEL FOR**
> **Avigail Martinez De Romero Individually And As Guardian Of**
> **Angel Romero, Jr., Mentally And Physically Incompetent;**
> **Angel Romero Gonzalez And Gloria Badillo Rodriguez De**
> **Romero, The Natural Parents Of Angel Romero, Jr.;**
> **And**
> **Lucilia Romero Delgado As Next Friend Of Angel Romero**
> **Delgado And Carolina Romero Delgado, Minor Children Of**
> **Angel Romero, Jr.:**
>
> Ray R. Marchan
> WATTS LAW FIRM, L.L.P.
> 1926 East Elizabeth Street
> Brownsville, Texas  78520
> *(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 4574)*

Tom Fleming

U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
RECEIVED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

2004 MAY 11  AM 11: 44

MICHAEL N. MILBY. CLERK

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| THE COMPLAINT OF | § | |
| CARMELITA, INC., Owner of the Vessel Carmelita | § | C. A. NO. B-04-011 |
| and | § | |
| NEVGULMARCO COMPANY, INC. | § | |

## BRIEF
## IN SUPPORT OF PETITIONERS' APPLICATION FOR INJUNCTION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This brief is filed on behalf of both Petitioners **Carmelita, Inc. and**
**Nevgulmarco Company, Inc.** on the question of who, under the Limitation of Liability

Act (46 App. U.S.C. § § 181-189), is entitled to limitation and, therefore, an

injunction. Respondents' Counsel has in open court conceded that Carmelita, Inc.,

as the title owner of the O/S "Carmelita", is entitled to an injunction based on the

limitation of liability petition. Based on that stipulation, this brief will concern itself

with the rights of Nevgulmarco Company, Inc. ("Nevgulmarco"), as the sole

shareholder of Carmelita, Inc.

### Separation of Entities

The two Petitioners are separate entities formed to remain separate. Under no

condition is Nevgulmarco conceding that it and its subsidiary, Carmelita, Inc., are one



EXHIBIT NO. 3

entity for any purpose.  Should Nevgulmarco be in error in its legal position as stated

herein, it requests the Court grant an injunction for the benefit of Carmelita, Inc.

<u>**Statutory Provisions**</u>

The Limitation of Liability Act (hereinafter the "Act") at § 183(a) provides:

> "The liability of the <u>owner</u> of any vessel . . . for any loss,
> damage, or injury . . . done, occasioned, or incurred,
> without the privity or knowledge of such <u>owner or owners</u>,
> shall not . . . exceed the amount or value of the interest of
> such owner in such vessel, and her freight then pending."
> (emphasis supplied).

The purpose of this provision has been stated to have been "designed to induce

the heavy financial commitments the shipping industry requires by mitigating the threat

of a multitude of suits and the hazards of vast, unlimited liability as a result of a

maritime disaster." *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 414 74 S.Ct. 608,

611 (1954) citing *Flink v. Paladini*, 279 U.S. 59, 49 S.Ct. 255 (1929).

An additional purpose of the Act itself has been stated to be "to encourage

investment by exempting the investor from loss in excess of the fund he is willing to

risk in the enterprise." *Flink v. Paladini*, 279 U.S. at 62, 49 S.Ct. at 255.

<u>**Beneficiaries of Act**</u>

It is obvious that the Act benefits the owner of the vessel which in this case

was Carmelita, Inc.  Respondents have argued that only one owner can benefit; yet,

as shown by the discussion of § 183(a) of the Act, "owner or owners" shall be

entitled to limitation.

The question of who is an owner and, more importantly here, may the stockholders of a corporate owner also benefit from the Act was first addressed in *Flink v. Paladini, Id.*, in an opinion by Mr. Justice Holmes. The Supreme Court rationalized that it could see no distinction between several persons owning shares in a vessel directly or making the same division by putting title in a corporation and distributing the corporate stock. *Flink v. Paladini* at 255. Under either scenario, the investor(s) would be exempt from loss in excess of the fund he is willing to risk. In furtherance of this philosophy, the Court expressed its opinion that "the words of the act must be taken in a broad and popular sense in order not to defeat the manifest intent." *Id.* at 255. It was careful, however, to expressly avoid ignoring the distinction between a corporation and its shareholders by emphasizing that this "distinction . . . cannot be overlooked even in extreme cases." *Id.* at 255. The opinion from *Flink v. Paladini, Id.* was cited as controlling in *Maryland Cas. Co. v. Cushing, Id.* (opinion by Mr. Justice Frankfurter).

Thereafter, the question of limitation of the shareholders of the corporate owner of a jack-up barge was discussed by a United States District Court in Louisiana in the case of *In re: Complaint for Exoneration from or Limitation of Liability of Shell Oil Company and Shell Offshore, Inc. as Owners and/or Owners Pro Hac Vice of M/V EBII*, 780 F.Supp. 1086 (E.D. La. 1991). The Louisiana Court noted that the Act is designed to protect or cover a person or entity who is a "likely target for liability claims because of his status as the person perhaps ultimately responsible for the vessel's maintenance and operation." *In re: Complaint for Exoneration from or Limitation of*

*Liability of Shell Oil*, 780 F.Supp. at 1089. The Louisiana Court held that "(t)he right to limitation, since *Flink* and up until the present time, remains broadly construed and extends to any person whose interest in the vessel is such that he may be a likely target." *In re: Complaint for Exoneration from or Limitation of Liability of Shell Oil*, 780 F.Supp. at 1092. <u>Also see</u>, *Humpareys v. Antillen*, 1994 W.L.682811 (E.D. La. 1994).

As recently as 2003, the United States Supreme Court in *Dole Food Company v. Patrickson*, 528 U.S. 468, 482, 123 S.Ct. 1655, 1664 (2003) reiterated its position taken in *Flink v. Paladini* by remarking that the Court had held that the term "shipowner" can include a corporate shareholder even when, technically speaking, the corporation, not the shareholder, owns the ship. If Nevgulmarco is the sole shareholder of Carmelita, Inc., the benefits of limitation and the protective injunctive relief by virtue of the legislative purpose of the Act and the interpretative reasoning of the United States Supreme Court apply in this case. In particular, as the U. S. Supreme Court succinctly held in *Flink's* conclusion, "[H]aving no doubt of the comprehensive purpose of Congress we <u>should not be ingenious</u> . . . to raise questions whether it could be allowed to interfere with the uniformity which has been <u>declared</u> a dominant requirement for admiralty law." *Flink v. Paladini*, 49 S.Ct. at 256. (emphasis added). As such, Nevgulmarco must be granted the protection of injunctive relief to adhere to Congress' intent and the U. S. Supreme Court's thorough interpretation of the same.

WHEREFORE, Petitioners pray issuance of the injunction as requested in their

Petition and their Application for Injunction.

DATED: May __11__, 2004.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by _____

**Tom Fleming**
SBOT No. 07133000
Federal I.D. No. 1188

**Jeffrey G. Mathews**
SBOT No. 24013115
Federal I.D. No. 24499

**ATTORNEYS FOR PETITIONERS,**
**CARMELITA, INC.**
**and NEVGULMARCO, COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF

PETITIONERS' APPLICATION FOR INJUNCTION was served May ___//___, 2004 in the manner(s)

indicated below upon the following Counsel:

> COUNSEL FOR
> **Avigail Martinez De Romero Individually And As Guardian Of
> Angel Romero, Jr., Mentally And Physically Incompetent;
> Angel Romero Gonzalez And Gloria Badillo Rodriguez De
> Romero, The Natural Parents Of Angel Romero, Jr.;
> And
> Lucilla Romero Delgado As Next Friend Of Angel Romero
> Delgado And Carolina Romero Delgado, Minor Children Of
> Angel Romero, Jr.:**
>
> Ray R. Marchan
> WATTS LAW FIRM, L.L.P.
> 1926 East Elizabeth Street
> Brownsville, Texas  78520
> _(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 2030 0007 1000 2686)_

Tom Fleming



**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—**

IN RE COMPLAINT OF CARMELITA, §
INC. ET AL. §     CIVIL ACTION NO. B-04-011
§
§

United States District Court
Southern District of Texas
ENTERED

JUN 2 9 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

## MEMORANDUM OPINION AND ORDER

Pending is the petitioners Application For Injunction. Docket No. 6; see also Docket No. 10 (brief in support of same). For the reasons elaborated below, the Court hereby conditionally **GRANTS** the petitioners' application.

## I.    BACKGROUND

The Petitioners in this case, Carmelita, Inc., and its parent corporation, Nevgulmarco Co., Inc., have filed a petition seeking limitation of liability pursuant to 46 U.S.C. App. § 181 et seq. and the supplemental procedural rules for certain admiralty and maritime claims. Docket No. 1. The underlying action stems from injuries sustained by Angel Romero, Jr. while on board the shrimping vessel O/S Carmelita, which is owned by Carmelita, Inc.

The underlying lawsuit was previously before this Court as Civil Action No. B-03-153, which was remanded to state court for want of jurisdiction on January 27, 2004. That lawsuit is now proceeding in the 404th Judicial District Court of Cameron County. Docket No. 1 at 3-4; Docket No. 4 at 2.

In conjunction with the present petition, the petitioners have deposited $74,800 ($68,000 as the value of the vessel and $6,800 as the value of the catch on board at the time of Romero's injuries) with the Registry of the Court. Docket No. 1 at 4-5. This is the amount at which petitioners seek to limit their liability. Monition was issued and the requisite advertisement seeking any additional claimants was run in the Brownsville Herald. Docket Nos. 3, 8.

The state-court plaintiffs have filed a Proof of Claim in this case, as required by the supplemental admiralty rules, in which they assert the same basic claims that are at issue in the state court proceedings (negligence, gross negligence, and unseaworthiness). Docket No. 5 at 2. They also contend that the damages stemming from their claims far exceed the limited liability asserted



EXHIBIT NO. 4

by the petitioners. Id.

Pending before the Court is the petitioners' Application For Injunction, which seeks to halt the current state proceedings and any other potential litigation against both Carmelita, Inc., and Nevgulmarco Co., Inc., as per Supplemental Rule F(3). Docket No. 6. The petitioners also subsequently filed a brief in support of the same. Docket No. 10. The state court plaintiffs have not filed any written responses to either of the petitioners' injunction-related filings.

## II.    DISCUSSION

The Court held a hearing on the petitioners' Application for Injunction on May 5, 2004. The only disputed issue was whether Nevgulmarco Co., Inc., is also entitled to the requested injunctive relief.[1] That Carmelita, Inc., as the undisputed owner of the O/S Carmelita, is entitled to the mandatory injunctive relief specified in Supplemental Rule F(3) seems fairly straightforward. The apparent source of the dispute concerning Nevgulmarco Co., Inc., is the petitioners' acknowledged position in other litigation that the two entities are separate and distinct for all purposes. Hence, the state court plaintiffs maintain that Nevgulmarco Co., Inc., is not entitled to the same injunctive relief to which Carmelita, Inc. is entitled. The petitioners contend otherwise in their brief in support of injunctive relief. Docket No. 10.

The admiralty limitation of liability provision at issue is defined by, which provides that:

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

---

[1] In their answer to the petition, the state court plaintiffs do generally deny paragraphs 12-14 of the petition, which are the paragraphs asserting admiralty jurisdiction and the applicability of the limitation of liability and exoneration provisions. See Docket No. 4 at 2 (answer); see also Docket No. 1 at 5 (petition). However, the state court plaintiffs subsequently tendered a stipulation to the Court during the May 5, 2004 hearing "conced[ing] that all questions regarding Carmelita, Inc.'s right to limit are to be resolved under the limitation of liability act by this court." The hearing focused on Nevgulmarco Co., Inc.'s entitlement (or the lack thereof) to the same injunctive relief.

2

46 U.S.C. app. § 183(a). The issue then is whether Nevgulmarco Co., Inc., qualifies as an "owner" of the vessel in addition to Carmelita, Inc. The petitioners bear the burden of proof on this issue. In re Complaint of Shell Oil Co., 780 F. Supp. 1086, 1088-89 & n.5 (E.D. La. 1991) (citing relevant Supreme Court and Fifth Circuit case law).

The petitioners principally rely on the aforementioned case, which notes that "owner" is undefined by the statute, is not regarded as a term of art with a technical meaning, and has been broadly construed by courts to effectuate the underlying purpose of the statute (i.e., encouraging investment in shipping). Id. at 1089-90. Accordingly, one need not possess legal title to be an "owner" for purposes of the statute. Id. at 1089. Indeed, the general rules appears to be that, "one who is subjected to a shipowner's liability because of his exercise of dominion over a [i.e., relationship to] the vessel should be able to limit his liability to that of an owner." Id. (bracketed material in original). "More succinctly stated, the act is designed to cover one who is a 'likely target' for liability claims predicated on his status as the person perhaps ultimately responsible for the vessel's maintenance and operation." Id.

Nevgulmarco Co., Inc., falls within the broad conception of "owner" articulated in the aforesaid case, because it is being targeted as a defendant in the state court litigation precisely because of its relationship to Carmelita, Inc., and the vessel O/S Carmelita. Another district court more recently held that a similarly situated petitioner was entitled to the very relief sought herein by Nevgulmarco Co., Inc. In re the Complaint of Magnolia Marine Transport Co., No. 02-615(P), 2003 WL 23185641, at *1 (E.D. Okla. Mar. 6, 2003) (unpublished opinion); see also Int'l Marine Terminals P'ship v. Hillmore Mar. Inc., Nos. 99-1637, 99-1674, and 00-0250, 2000 WL 351429, at *2 (E.D. La. Apr. 3, 2000) (unpublished opinion) ("As I explained in [In re Complaint of Shell Oil Co.], the shareholders of the ship are 'likely targets' by virtue of their relationship to the vessel as shareholders of its 'owners.'"). Accordingly, injunctive relief under Supplemental Rule F(3) is available to both Nevgulmarco Co., Inc., and Carmelita, Inc.

## III.    CONCLUSION

For the foregoing reasons, this Court conditionally **GRANTS** the petitioners' Application For Injunction. The requested injunction will go into effect within twenty (20) days of the entry of

3

this order unless the state court plaintiffs file an amended stipulation with the Court in which they (1) agree that all limitation of liability-related issues concerning both petitioners will be litigated in this Court, and (2) agree not to seek to enforce a judgment greater than that allowed under this Court's limitations-related adjudication against either petitioner. See Texaco, Inc. v. Williams, 47 F.3d 765, 768 (5th Cir. 1995) ("The case law is clear that if all claimants stipulate that the federal court has exclusive jurisdiction over limitation issues and the claimants will not seek to enforce a greater damage award than the limitation fund, the claimants may proceed outside of the limitations action."), cert. denied, 516 U.S. 907 (1995); Odeco Oil and Gas Co. Drilling Division v. Bonnette, 4 F3d 401, 404 (5th Cir. 1993) ("Broadly stated, claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court."), cert. denied, 511 U.S. 1004 (1994).  Said stipulation should also specify "the priority in which [the multiple claimants'] claims will be paid from the limitation fund." Williams, 47 F.3d at 768.  If the state court plaintiffs file such a stipulation within twenty (20) days of the entry of this order, no injunctive relief conditionally granted will not go into effect.  Otherwise, the Court's conditional injunctive relief will take effect.

Signed in Brownsville, Texas, this 28th day of June, 2004.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By
Deputy Clerk

4

## CAUSE NO. 2003-08-4370-G

| | | |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO | § | IN THE DISTRICT COURT |
| Individually, and As Guardian of | § | |
| ANGEL ROMERO, JR., Mentally and | § | |
| Physically Incompetent; ANGEL | § | |
| ROMERO GONZALEZ and GLORIA | § | |
| BADILLO RODRIGUEZ DE ROMERO, | § | |
| The Natural Parents of ANGEL | § | |
| ROMERO, JR.; and LUCILLA | § | |
| DELGADO ROMERO, As Next Friend | § | |
| of ANGEL ROMERO DELGADO and | § | |
| CAROLINA ROMERO DELGADO, | § | CAMERON COUNTY, TEXAS |
| Minor Children of ANGEL ROMERO, | § | |
| JR. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNIVAR USA, INC.; | § | |
| NEVGULMARCO COMPANY, INC.; | § | |
| ZIMCO INC.; and CARMELITA, INC., | § | |
| As The Owner/Operator | § | |
| Of The M/V "Carmelita" | § | 404TH JUDICIAL DISTRICT |

### ORDER GRANTING
#### DEFENDANTS
#### NEVGULMARCO COMPANY, INC.'S AND CARMELITA, INC.'S
#### MOTION TO ABATE

Nevgulmarco Company, Inc.'s and Carmelita, Inc's., Defendants herein (hereinafter "Defendants") motion to abate the above styled and numbered cause came on for hearing on the ___ day of _____, 2004. After review of the Court's file, the motion and/or any responses and after hearing argument of Counsel, the Court finds that Defendants' Motion to Abate should be GRANTED.

EXHIBIT NO. B

IT IS, THEREFORE, ORDERED that the above styled and numbered cause be abated until these Defendants are removed from said cause.

SIGNED IN BROWNSVILLE, TEXAS on the _____ day of _____, 2004.

_____
JUDGE PRESIDING

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUL 2 9 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY